1  STRADLING YOCCA CARLSON & RAUTH, P.C.
John F. Cannon (SBN 149263)
2  Aaron C. Humes (SBN 272141)
90 New Montgomery Street, Suite 1015
3  San Francisco, CA 94105
Telephone:  (415) 321-6026
4  Facsimile:  (415) 283-1446
jcannon@sycr.com
5  ahumes@sycr.com

6  [Additional counsel on signature page]

7  *Attorneys for Defendants Clovis Oncology, Inc.,*
*Patrick J. Mahaffy, Erle T. Mast, M. James Barrett,*
8  *Brian G. Atwood, James C. Blair, Paul Klingenstein, and*
*Edward J. McKinley*

9

## UNITED STATES DISTRICT COURT

10

## NORTHERN DISTRICT OF CALIFORNIA

11

## SAN FRANCISCO DIVISION

12

| | |
|---|---|
| 13  ELECTRICAL WORKERS LOCAL #357 PENSION AND HEALTH & WELFARE TRUSTS, ON BEHALF OF ITSELF AND ALL OTHERS 14  SIMILARLY SITUATED, | Case No. |
| 15 Plaintiff, | San Mateo County Superior Court Case No. CIV-537068 |
| 16 v. | CLASS ACTION |
| 17  CLOVIS ONCOLOGY, INC., PATRICK J. 18  MAHAFFY, ERLE T. MAST, M. JAMES BARRETT, BRIAN G. ATWOOD, JAMES C. | NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION |
| 19  BLAIR, PAUL KLINGENSTEIN, EDWARD J. McKINLEY, SCOTT D. SANDELL, FOREST 20  BASKETT, NEA PARTNERS 13, L.P., NEA 13 GP, LTD, ABERDARE VENTURES IV, L.P., J.P. 21  MORGAN SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, STIFEL, NICOLAUS & 22  COMPANY, INCORPORATED, MIZUHO SECURITIES USA INC., AND DOES 1-25, 23  INCLUSIVE, | |
| 24 Defendants. | |

25      Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and 15 U.S.C. § 77v(a), defendants Clovis

26  Oncology, Inc., Patrick J. Mahaffy, Erle T. Mast, M. James Barrett, Brian G. Atwood, James C.

27  Blair, Paul Klingenstein, and Edward J. McKinley (collectively, "Clovis") hereby remove this case,

28  and all claims and causes of action therein, from the Superior Court of the State of California for the

NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION

County of San Mateo to the United States District Court for the Northern District of California.  In support of this Notice of Removal, Clovis sets forth the following grounds for removal:

1.     On or about January 22, 2016, Electrical Workers Local #357 Pension and Health & Welfare Trusts ("Plaintiff") commenced a civil action in the Superior Court of the State of California for the County of San Mateo, captioned *Electrical Workers Local #357 Pension and Health & Welfare Trusts v. Clovis Oncology, Inc., et al.*, Case No. CIV-537068 (the "State Court Action").  A true and accurate copy of the complaint is attached hereto as Exhibit A-2.[1]

2.     The State Court Action alleges violations of the Securities Act of 1933, 15 U.S.C. § 77a, *et seq.* (the "Securities Act").  Specifically, the complaint purports to assert claims for violations of Sections 11, 12 and 15 of the Securities Act.  Plaintiff alleges, among other things, that the Registration Statement and Prospectus issued in connection with Clovis' July 8, 2015 secondary offering of securities contained materially false and misleading statements.  (Ex. A-2, Compl. ¶¶ 11, 51, 62.)  These claims are the only claims asserted in the complaint.

3.     This Notice of Removal is being filed before the expiration of 30 days after service of the Summons and Complaint on Clovis, and is thus timely filed under 28 U.S.C. § 1446(b).

**BASIS FOR REMOVAL**

4.     This action is within the original jurisdiction of this Court under 28 U.S.C. § 1331 and 15 U.S.C. § 77v(a).  The State Court Action is a putative nationwide class action brought against Clovis, certain officers and directors of Clovis, certain underwriters of Clovis' July 8, 2015 secondary offering, and certain Clovis investors, and arises under the Securities Act.

5.     This Court has jurisdiction over this case under two federal statutes: 28 U.S.C. § 1331 and Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a).  This case is therefore removable under 28 U.S.C. § 1441.  Under 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States . . . embracing the place where such action is pending."

---

[1] Pursuant to 28 U.S.C. § 1446(a), also attached hereto as exhibits are copies of all process, pleadings and orders served upon Clovis in the State Court Action.

NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION

6.     Section 22(a) is the jurisdictional provision of the Securities Act.  As originally written, Section 22(a) provided for concurrent jurisdiction between state and federal courts over Securities Act claims.  *See* 15 U.S.C. § 77v(a) (1933).  The Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 77p(c), amended Section 22(a) to provide that state courts no longer have concurrent jurisdiction over certain claims or cases:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with the State and Territorial courts, *except as provided in [Section 16] of this title with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.

15 U.S.C. § 77v(a) (emphasis added to SLUSA amendments).  State courts thus no longer have concurrent jurisdiction over Securities Act claims that are raised in "covered class actions."  *See Lapin v. Facebook, Inc.,* No. C-12-3195 MMC, 2012 WL 3647409, at *2 (N.D. Cal. Aug. 23, 2012) ("'[F]ederal courts alone have jurisdiction to hear covered class actions raising 1933 Act claims'" (quoting *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009))); *see also Hung v. iDreamSky Tech. Ltd.*, No. 15-CV-2514-JPO, 2016 WL 299034, at *1-*4 (S.D.N.Y. Jan. 25, 2016); *Wunsch v. Am. Realty Capital Prop.*, Civil No. JFM-14-4007, 2015 WL 2183035, at *1 (D. Md. Apr. 14, 2015); *Northumberland Cty. Ret. System v. GMX Res., Inc.*, 810 F. Supp.2d 1282, 1287 (W.D. Okla. 2011); *In re Fannie Mae 2008 Sec. Litig.*, No. 08 Civ. 7831 PAC, 2009 WL 4067266, at *2 (S.D.N.Y. Nov. 24, 2009); *Rovner v. Vonage Holdings Corp.*, CA No. 07-178 FLW, 2007 WL 446658, at *3-*4 (D.N.J. Feb. 7, 2007).

7.     Section 16(f) of the Securities Act defines "covered class actions" as including

> any single lawsuit in which . . . one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members.

15 U.S.C. § 77p(f)(2)(A)(i)(II).  Plaintiff is a named party seeking to recover damages on a representative basis on behalf of itself and other unnamed parties similarly situated, and common questions of law or fact allegedly predominate over individual questions.  Plaintiff also is bringing

1 claims under the Securities Act.  The State Court Action is thus a "covered class action" within the

2 meaning of Section 16 of the Securities Act.  Accordingly, state courts do not have jurisdiction over

3 Plaintiff's putative class action.  Federal courts alone have jurisdiction to hear Plaintiff's putative

4 class action claims under the Securities Act.  *See Lapin*, 2012 WL 3647409, at *2.

5        8.     Section 22(a) of the Securities Act also includes an anti-removal provision, which

6 originally prohibited the removal of any Securities Act cases that were brought in state court.  As

7 amended by SLUSA, however, Section 22(a) now provides as follows:  "*[e]xcept as provided in*

8 *section [16(c)] of [the Securities Act]*, no case arising under [the Securities Act] and **brought in any**

9 **State court of competent jurisdiction** shall be removed to any court of the United States."  15

10 U.S.C. § 77v(a) (italics added to SLUSA amendments; bold added for emphasis).

11        9.     This anti-removal provision does not apply here because it only prohibits the removal

12 of cases brought in a "State court of competent jurisdiction."  15 U.S.C. § 77v(a).  But as discussed

13 above, state courts no longer have jurisdiction to adjudicate a "covered class action" raising

14 Securities Act claims and are therefore no longer courts of competent jurisdiction with respect to

15 such claims.[2]  *See Lapin*, 2012 WL 3647409, at *3; *Knox*, 613 F. Supp. 2d at 423.  Accordingly,

16 Section 22(a)'s anti-removal provision does not apply to this action.[3]

17       10.    This reading of the Securities Act, as amended by SLUSA, is confirmed by the most

---

[2] State courts remain courts of competent jurisdiction with respect to other claims, most notably individual actions brought under the Securities Act.  *See Fannie Mae*, 2009 WL 4067266, at *2.

[3] Clovis acknowledges that the application of Section 22(a)'s anti-removal provision to covered class actions arising under the Securities Act has divided federal courts.  *Compare Lapin v. Facebook*, 2012 WL 3647409, at *2 (holding covered class actions removable to federal court), *Knox*, 613 F. Supp. 2d at 425 (same), *Hung*, 2016 WL 299034, at *1-*4 (same), *Wunsch*, 2015 WL 2183035, at *1 (same), *Northumberland Cty. Ret. System*, 810 F. Supp. at 1287 (same), *In re Fannie Mae 2008 Sec. Litig.*, 2009 WL 4067266, at *2 (same), *and Rovner*, 2007 WL 446658, at *3-*4 (same), *with Buelow v. Alibaba Grp. Holding Ltd.*, No. 15-cv-05179-BLF, 2016 WL 234516, at *3 (N.D. Cal. Jan. 20, 2016) (holding anti-removal provision bars removal where only claims arise under Securities Act), *Cervantes v. Dickerson*, No. 15-cv-3825-PJH, 2015 WL 6163573, at *7 (N.D. Cal. Oct. 21, 2015) (same), *City of Warren Police & Fire Ret. Sys. v. Revance Therapeutics, Inc.*, Case No. 15-cv-02512-HSG, 2015 WL 5117631, at *4 (N.D. Cal. Aug. 31, 2015) (same), *and Plymouth Cty. Ret. Sys. v. Model N, Inc.*, No. 14-cv-04516-WHO, 2015 WL 65110, at *2-*4 (N.D. Cal. Jan. 5, 2015) (same).  In the event that plaintiff seeks to remand this action based on these contrary authorities, none of which is controlling, defendant will demonstrate that they are not persuasive and should not be followed in this action, especially in view of the recent decision in *Hung v. iDreamSky Tech. Ltd.*, which offers an analysis of the impact of the Supreme Court's *Kircher* decision on the Securities Act removal bar that had not been addressed by prior courts.

NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION

- 4 -

recent pronouncement by the federal courts on the application of the anti-removal provision to covered class actions raising only Securities Act claims. *See Hung*, 2016 WL 299034, at *1-*3.  In *Hung*, the court denied a motion to remand such a covered class action that was removed from state to federal court, concluding that "the [state] court is not a court of competent jurisdiction under § 77v(a), the bar on removal does not apply, and the case is removable." *Id.* at *4.  Based on a detailed review of the text of the statute, the relevant authorities, and the legislative history, the court found that any other reading of the statute was precluded by the Supreme Court's decision in *Kircher v. Putnam Funds Trust,* 547 U.S. 633 (2006).  *See Hung*, 2016 WL 299034, at *2-*3.

11.     Moreover, as the *Hung* decision observed, a contrary reading of the SLUSA amendment to the Securities Act produces "an odd result." *Hung*, 2016 WL 299034, at *3.  "State-law class actions alleging securities fraud could be removed and dismissed," while "[f]ederal-law securities class actions would encounter the PSLRA's procedural protections if filed in federal court," but not if filed in state court. *Id.*  Thus, "[t]aken together, the PSLRA and SLUSA would encourage plaintiffs to litigate *federal* securities class actions in *state* court, with lessened procedural protections, and they would prohibit defendants from removing such cases to federal court"—an outcome that is "implausible given the purpose of the Acts in question." *Id.* (emphasis added).

12.     For the avoidance of doubt, Clovis removes this action on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, not SLUSA removal jurisdiction pursuant to 15 U.S.C. § 77p(c).  Section 16(c) of the Securities Act allows removal of "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b)," 15 U.S.C. § 77p(c), which subsection "makes some state-law claims nonactionable through the class action device in federal as well as state court." *Kircher*, 547 U.S. at 637, n.1 (discussing Section 16(b), 15 U.S.C. § 77p(b)).  District courts are divided on the question whether Section 16(c) provides a basis for removing covered class actions that raise only *federal* claims under the Securities Act.  Some courts have interpreted Section 16(c) to allow the removal of "covered class actions" raising either state law claims or Securities Act claims. *See*, *e.g.*, *Rubin v. Pixelplus Co.*, No. 06 Civ. 2964, 2007 WL 778485, at *3-*4 (E.D.N.Y. Mar. 13, 2007); *Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122, 1123-24 (C.D. Cal. 2003).  Other courts, however, have interpreted Section

NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION

1    16(c) as permitting removal of "only those 'covered class actions' described in § 77p(b) alleging

2    omission or deception based upon *state law . . . .*" *Young v. Pacific Biosciences of Cal., Inc.*, No. 11-

3    cv-5668-EJD, 2012 WL 851509, at *3-*4 (N.D. Cal. Mar. 13, 2012); *see also West Virginia*

4    *Laborers Trust Fund v. STEC Inc.*, No. SACV 11-01171-JVS, 2011 WL 6156945, at *4 (C.D. Cal.

5    Oct. 7, 2011) (discussing the different interpretations and holding that "subsection (c) only allows

6    for removal of actions based on state law").[4]

7          13.    In any event, this Court need not address this division of authority over the scope of

8    Section 16(c)'s exception to Section 22(a)'s anti-removal provision because the logically prior

9    question is whether Section 22(a)'s anti-removal provision applies to this case in the first instance.

10   It does not.  As discussed *supra*, Section 22(a) prohibits removal only of cases over which the state

11   courts have "competent jurisdiction."  Because the state court had no jurisdiction over Plaintiff's

12   "covered class action," as a result of SLUSA, and this Court has jurisdiction over this action under

13   28 U.S.C. § 1331, without resort to the removal jurisdiction afforded by Section 16(c), Section

14   22(a)'s anti-removal provision does not apply and does not prohibit removal of this case.  Removal

15   is thus proper under 28 U.S.C. § 1441.

16                         **OTHER PROCEDURAL REQUIREMENTS**

17         14.    Undersigned counsel certify that all of the named defendants in this action consent to

18   removal.

19         15.    Clovis has not pleaded, answered, or otherwise appeared in the State Court Action.

20         16.    The Northern District of California is the district in which the Superior Court of the

21   State of California for the County of San Mateo is located and in which plaintiff filed its complaint

22   and the State Court Action is pending.

23

24   _____

    [4] Likewise, *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1032 (9th Cir. 2008),
is inapposite.  In *Luther*, the Ninth Circuit held that "the Class Action Fairness Act of 2005, which

25   permits in general the removal to federal court of high-dollar class actions involving diverse parties,
does not supersede § 22(a)'s *specific* bar against removal of cases arising under the [Securities] Act."

26   The court did not address whether the SLUSA amendments to Section 22(a) strip state courts of
jurisdiction over class actions raising claims under the Securities Act.  Nor did the court have

27   occasion to address whether the SLUSA amendments to Section 22(a) create an exception to Section
22(a)'s anti-removal provision because the parties agreed that the mortgage pass-through certificates

28   at issue were not "covered securities."  *Id.* at 1033 n.1.

17.     In accordance with 28 U.S.C. § 1446(d), Clovis will promptly serve a copy of this Notice on counsel for plaintiff and will file a copy of this Notice with the Clerk of the Superior Court of the State of California for the County of San Mateo.

18.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

19.     By filing this Notice of Removal on behalf of the defendants, Clovis does not waive any defenses that may be available to any of them (including without limitation any defenses relating to service, process, or jurisdiction) and does not concede that the allegations in the summons or complaint state a valid claim under any applicable law.

<u>**CONCLUSION**</u>

20.     WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and 15 U.S.C. § 77v(a), Clovis removes this action in its entirety from the Superior Court of the State of California, County of San Mateo, to the United States District Court for the Northern District of California, San Francisco Division.

DATED:  February 25, 2016

STRADLING YOCCA CARLSON & RAUTH, P.C.

/s/ Aaron C. Humes
John F. Cannon (SBN 149263)
Aaron C. Humes (SBN 272141)
90 New Montgomery Street, Suite 1015
San Francisco, CA 94105
Telephone:  (415) 321-6026
Facsimile:  (415) 283-1446
jcannon@sycr.com
ahumes@sycr.com

WILLKIE FARR & GALLAGHER LLP
Tariq Mundiya (to be admitted *Pro Hac Vice*)
Todd G. Cosenza (to be admitted *Pro Hac Vice*)
787 Seventh Avenue
New York, NY 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
tmundiya@willkie.com
tcosenza@willkie.com

*Attorneys for Defendants Clovis Oncology, Inc.,*
*Patrick J. Mahaffy, Erle T. Mast, M. James Barrett, Brian G. Atwood,*
*James C. Blair, Paul Klingenstein, and Edward J. McKinley*

NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION
- 7 -